967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Rodel VALENCIA, Defendant/Appellant.
UNITED STATES of America, Plaintiff/Appellee,
v.
Bailon Pascua LAFRADEZ, Defendant/Appellant.
UNITED STATES of America, Plaintiff/Appellee,
v.
Leonard KANG, Defendant/Appellant.
 Nos. 91-10054, 91-10155 and 91-10269.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 15, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This consolidated appeal arises from the prosecution of a number of individuals involved in a crystal methamphetamine distribution organization headed by Paciano "Sonny" Guerrero in Honolulu, Hawaii. The three defendants-appellants, Rodel Valencia, Bailon Pascua Lafradez and Leonard Kang, appeal their convictions on several grounds. Kang also appeals the computation of his base offense level under the Sentencing Guidelines. For the reasons stated below, we reject each of these arguments and affirm the judgments of the district court.
 
 
 3
 First, Lafradez argues that the district court abused its discretion in denying the defendants' motion for a mistrial after Guerrero refused to testify.[1] We disagree. In accordance with the teachings of Frazier v. Cupp, 394 U.S. 731 (1969), the district court minimized any prejudice to the defendants by instructing the jurors not to draw any inference from Guerrero's refusal to testify and by informing them that opening statements were not to be considered as evidence.
 
 
 4
 Second, Lafradez argues that the district court erred when it admitted Guerrero's drug ledgers into evidence as statements of a coconspirator under Fed.R.Evid. 801(d)(2)(E).[2] We hold, however, that the court did not err when it found that the ledgers were statements of a coconspirator made in furtherance of the conspiracy. See United States v. Monroe, 552 F.2d 860, 862 (9th Cir.), cert. denied, 431 U.S. 972 (1977).
 
 
 5
 Third, Lafradez contends that the evidence was insufficient to sustain his conviction on Counts 1, 24, 29, 32 and 45 of the second superseding indictment. Having reviewed the evidence, we conclude that a rational jury could have found that Lafradez conspired with his co-defendants, possessed with intent to distribute crystal methamphetamine on several occasions and unlawfully failed to file an income tax return for 1988. See United States v. Pemberton, 853 F.2d 730, 733 (9th Cir.1988).
 
 
 6
 Fourth, Lafradez argues that the district court's instructions to the jury improperly broadened Counts 21 and 29 in the indictment. We conclude, however, that the government did not have to prove that Lafradez intended to distribute the methamphetamine "to Guerrero." The district court properly instructed the jury that the "to Guerrero" language in Counts 21 and 29 was surplusage and could be ignored. With or without this language, the offenses charged in these counts remained the same: possession with intent to distribute. See United States v. Miller, 471 U.S. 130, 136 (1985).
 
 
 7
 Fifth, Valencia argues that the reading of the entire indictment to the jury provided the jury with extrinsic evidence of his drug activities during 1987.[3] We disagree. After granting the government's motion to delete the overt acts which were not supported by the evidence, the district court properly instructed the jury that the indictment was not evidence and then, prior to deliberation, provided the jury with a copy of the redacted indictment. To the extent that any extrinsic evidence was admitted through the reading of the indictment some two and half months before the close of trial, the error was harmless. See United States v. Forzese, 756 F.2d 217, 221-22 (1st Cir.1985).
 
 
 8
 Sixth, Kang contends that the district court abused its discretion in admitting expert testimony regarding Guerrero's drug records.[4] We believe, however, that the district court properly found that Officer Elwood Like of the Honolulu Police Department possessed specialized knowledge and practical experience regarding records maintained by drug traffickers, and that his testimony would assist the jury in analyzing and understanding Guerrero's drug records. The admission of the expert testimony was not manifest error. See United States v. Miller, 874 F.2d 1255, 1266 (9th Cir.1989).
 
 
 9
 Finally, Kang argues that the district court failed to properly calculate his base offense level under the Sentencing Guidelines. After reviewing Kang's presentence report and the transcript of sentencing, we conclude that the court properly relied on the evidence introduced at trial, on the information provided in the report and on Special Agent Dorr's affidavit in calculating Kang's base offense level under U.S.S.G. § 2D1.1(a)(3).
 
 
 10
 We have considered all of the appellants' contentions. The judgments of the district court are
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Valencia and Kang join in and adopt this argument pursuant to Fed.R.App.P. 28(i)
 
 
 [2]
 Valencia and Kang join in and adopt this argument pursuant to Fed.R.App.P. 28(i)
 
 
 [3]
 Lafradez and Kang join in and adopt this argument pursuant to Fed.R.App.P. 28(i)
 
 
 [4]
 Lafradez joins in and adopts this argument pursuant to Fed.R.App.P. 28(i)